UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD E. LOCKARD,
JEAN LOCKARD,

        Plaintiffs,

v.

        Case Number 07-12803-BC
        Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,
*Dep't of Treasury, Internal Revenue Serv.*,

        Defendant.
_____/

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

On July 5, 2007, Plaintiffs Richard and Jean Lockard filed a complaint against Defendant Internal Revenue Service of the United States of America. They seek to quiet title and assert a claim of intentional violation of the Internal Revenue Code (IRC). On September 7, 2007, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) & (6).

On November 26, 2007, the parties contacted the Court to request that it reach a decision on the parties' filings, pursuant to E.D. Mich. LR 7.1(e). Relying on the parties' consent, the Court will proceed without a hearing.

Based on Plaintiffs' complaint, they currently reside at 5418 Pigeon Road in Elkton, Michigan. Defendant has asserted that Plaintiffs have unpaid federal income tax liabilities for 1996 to 2001 (except 2001), federal employment tax liabilities for June 1999 to June 2005 (except December 2004), and civil penalty assessments for December 1996 to December 2003. Based on levy forms included within Exhibit A to Plaintiffs' complaint, they allegedly owed $311,581.68 in income tax liabilities and $160,558.64 in employment tax liabilities and civil penalty assessments.

On May 30, 2007, Defendant levied and seized 5418 Pigeon Road. Plaintiffs assert that that property is owned and occupied as their personal residence.

On June 1, 2007, Plaintiffs sent a collection appeal request, which they also attach as Exhibit B to their complaint, to Defendant through a revenue officer, Lori Murphy. There, Plaintiff Richard Lockard listed his street address as 5107 Whalen Street in Elkton, Michigan. He asserted that his "personal residence (as defined by IRC § 121) has been illegally seized in violation of IRC § 6334. This seizure must be released."

On June 18, 2007, an appeals team manager with Defendant, D.A. Daigle, sent Plaintiffs a letter regarding their protest to the seizure of their property. (Plaintiffs also attached this letter as Exhibit C to their complaint.) The letter stated that Defendant had reviewed its file and concluded that all legal and technical procedures were correctly followed and that the seizure action was fully sustained. According to the team manager, a power of attorney indicated that 5418 Pigeon Road was not Plaintiffs principal residence, of which a taxpayer can have only one.

Plaintiffs then filed the instant complaint, bringing an action to quiet title and for an intentional violation of the IRC. Defendant has now filed the instant motion to dismiss.

As to the quiet title action, Defendant contends that Plaintiffs have made no allegation that anyone else claims to own the property or challenged the validity of the tax lien. Consequently, according to Defendant, Plaintiffs have not alleged a factual basis on which to pursue a quiet title action. Plaintiffs respond that a quiet title action is a proper mechanism for challenging an allegedly improper levy and seizure of a personal residence, even if the validity of the underlying tax lien goes uncontested.

As to Plaintiffs' claim of intentional, reckless, or negligent disregard of the IRC, under 26 U.S.C. § 7433(a), Defendant contends that the Court lacks subject matter jurisdiction because Plaintiffs have not exhausted their administrative remedies, as required by 26 U.S.C. § 7433(d)(1). Plaintiffs respond that they filed a collection appeals request and that Defendant's denial of that request amounted to the exhaustion of administrative remedies.

Here, the parties have left undeveloped the issue of what mechanism a taxpayer may properly use to challenge an allegedly improper levy and seizure of a personal residence, where a personal residence is exempt from levy under 26 U.S.C. § 6334(a)(13)(B)(i). Plaintiffs cite to case law that permits a taxpayer to challenge procedural deficiencies under the IRC, as long as the taxpayer does not challenge the validity of the underlying tax lien. *See Aqua Bar & Lounge, Inc. v. United States of America Dep't of Treasury Internal Revenue Serv.*, 539 F.2d 935, 939-940 (3rd Cir. 1976); *Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992). Defendant does not explain why levying on property arguably exempt from levy is not a procedural deficiency. Indeed, Defendant asserts that levying and seizing property in violation of the exemption provisions of 26 U.S.C. § 6334 "would have no bearing on whether the United States has a lien interest in the real property," without explanation or citation to relevant legal authority. Dft. Br., p. 4 [dkt #3]. The Court will, consequently, direct supplemental briefing on how a taxpayer can challenge an allegedly improper levy and seizure of a personal residence, so as to clarify whether Plaintiffs' action to quiet title falls within the exception to sovereign immunity of 28 U.S.C. § 2410(a) for actions to quiet title to real property on which the United States has or claims a lien.

Further, the parties have not developed the procedure applicable to filing and disposing of a collection appeal request. Accepting as true Plaintiffs' allegations in the complaint, for purposes

of this motion, Plaintiffs submitted a collection appeal request to Defendant. Defendant responded by letter, indicating that Defendant had determined that 5418 Pigeon Road was not Plaintiffs' principal residence. Given that Defendant there appears to have reached a substantive determination regarding the crux of Plaintiffs' dispute, i.e., whether the property on which Defendant placed a lien was Plaintiffs' principal residence, the Court remains unclear on the legal authority for the collection appeal request procedure engaged in by the parties, the effect of Defendant's denial of Plaintiffs' collection appeal request, and why that procedure did not satisfy the requirement to exhaust administrative remedies. Accordingly, the Court will order supplemental briefing on these points.

Accordingly, it is **ORDERED** that the parties are **DIRECTED** to provide supplemental briefing, on or before **December 27, 2007,** on Defendant's motion to dismiss regarding (1) how a taxpayer can challenge an allegedly improper levy and seizure of a personal residence; (2) the legal authority for the collection appeal request procedure engaged in by the parties; (3) the effect of Defendant's denial of Plaintiffs' collection appeal request; and (4) why that procedure did not satisfy the requirement to exhaust administrative remedies.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: November 27, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 27, 2007.

        s/Tracy A. Jacobs
        TRACY A. JACOBS