UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD E. LOCKARD,
JEAN LOCKARD,

        Plaintiffs,

v.

        Case Number 07-12803-BC
        Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,
*Dep't of Treasury, Internal Revenue Serv.*,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE

On July 5, 2007, Plaintiffs Richard and Jean Lockard filed a complaint against Defendant Internal Revenue Service of the United States of America. They seek to quiet title and assert a claim of intentional violation of the Internal Revenue Code (IRC) under 26 U.S.C. § 7433. On September 7, 2007, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) & (6). The Court subsequently directed the parties to provide supplemental briefing regarding the procedure for challenging a levy or seizure and the relevance of the collection appeal request procedure to the requirement to exhaust administrative remedies before asserting a claim of a violation of the IRC.

I.

Based on Plaintiffs' complaint, they currently reside at 5418 Pigeon Road in Elkton, Michigan. Defendant has asserted that Plaintiffs have unpaid federal income tax liabilities for 1996 to 2004 (except 2001), federal employment tax liabilities for June 1999 to June 2005 (except December 2004), and civil penalty assessments for December 1996 to December 2003. Based on

levy forms included within Exhibit A to Plaintiffs' complaint, they allegedly owed $311,581.68 in income tax liabilities and $160,558.64 in employment tax liabilities and civil penalty assessments.

On May 30, 2007, Defendant levied upon and seized 5418 Pigeon Road. Plaintiffs assert that that property is owned and occupied as their personal residence.

On June 1, 2007, Plaintiffs sent a collection appeal request, which they also attach as Exhibit B to their complaint, to Defendant through a revenue officer, Lori Murphy. There, Plaintiff Richard Lockard listed his street address as 5107 Whalen Street in Elkton, Michigan. He asserted that his "personal residence (as defined by IRC § 121) has been illegally seized in violation of IRC § 6334. This seizure must be released."

On June 18, 2007, an appeals team manager with Defendant, D.A. Daigle, sent Plaintiffs a letter regarding their protest to the seizure of their property. (Plaintiffs also attached this letter as Exhibit C to their complaint.) The letter stated that Defendant had reviewed its file and concluded that all legal and technical procedures were correctly followed and that the seizure action was fully sustained. The team manager, without providing any further information, refers generally to a power of attorney on which Defendant relied in determining that 5418 Pigeon Road was not Plaintiffs' principal residence. A taxpayer can have only one principal residence.

Plaintiffs then filed the instant complaint, bringing an action to quiet title and for an intentional violation of the IRC. Now pending before the Court is Defendant's motion to dismiss.

II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) attacks the existence of subject matter jurisdiction, such as where sovereign immunity bars a court from hearing a case. Defendant also seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), which allows for

dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

### III.

### A.

Plaintiffs seek to avoid the bar to suit of federal sovereign immunity by pursuing a claim under 28 U.S.C. § 2410. 28 U.S.C. § 2410(a)(1), in relevant part, provides:

> Under the conditions prescribed in this section and [28 U.S.C. § 1444] for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien.

To pursue such a claim, a plaintiff must include the following in a pleading:

> The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed. . . .

28 U.S.C. § 2410(b).

26 U.S.C. § 6321 defines a tax lien as follows:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall

be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Thus, a federal tax lien can be imposed if a taxpayer is liable for a tax, the government provides notice of liability and demands payment, and the taxpayer does not pay.

A levy differs from a lien, in that a levy is a mechanism by which the government may collect on an unpaid tax. *See* 26 U.S.C. § 6331(a) ("If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by *levy* upon all property and rights to property [but for exemptions under 26 U.S.C. § 6334] belonging to such person or on which there is a *lien* provided in [26 U.S.C. §§ 6301 *et seq*.] for the payment of such tax.") (emphasis added). Rather than the automatic creation of a lien as permitted by 26 U.S.C. § 6321, a levy requires several procedural steps.

26 U.S.C. § 6330(a) - (d), in relevant part, require notice, a hearing, and post-hearing proceedings:

> (a) Requirement of notice before levy.
> (1) In general. No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made. Such notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates.
> \* \* \*
> (3) Information included with notice. The notice required under paragraph (1) shall include in simple and nontechnical terms –
> (A) the amount of unpaid tax;
> (B) the right of the person to request a hearing during the 30-day period under paragraph (2); and
> (C) the proposed action by the Secretary and the rights of the person with respect to such action, including a brief statement which sets forth –
> (i) the provisions of this title relating to levy and sale of property;
> (ii) the procedures applicable to the levy and sale of property under this title;
> (iii) the administrative appeals available to the taxpayer with respect to such levy and sale and the procedures relating to such appeals;

(iv) the alternatives available to taxpayers which could prevent levy on property (including installment agreements under [26 U.S.C. § 6159]) and

(v) the provisions of this title and procedures relating to redemption of property and release of liens on property.

(b) Right to fair hearing.

(1) In general. If the person requests a hearing in writing under subsection (a)(3)(B) and states the grounds for the requested hearing, such hearing shall be held by the Internal Revenue Service Office of Appeals.

\* \* \*

(c) Matters considered at hearing. In the case of any hearing conducted under this section –

(1) Requirement of investigation. The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

(2) Issues at hearing.

(A) In general. The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including –

(i) appropriate spousal defenses;

(ii) challenges to the appropriateness of collection actions; and

(iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.

(B) Underlying liability. The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

\* \* \*

(d) Proceeding after hearing.

(1) Judicial review of determination. The person may, within 30 days of a determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter). . . .

Thus, the above requirements provide an opportunity to consider the propriety of a levy, separate and independent from the underlying tax assessment and tax lien.

In their argument, Plaintiffs particularly rely on the Third Circuit's decision in *Aqua Bar & Lounge, Inc. v. United States of America Dep't of Treasury Internal Revenue Serv.*, 539 F.2d 935, 939-940 (3d Cir. 1976). There, the Third Circuit held, "[28 U.S.C. § 2410] constitutes a waiver of sovereign immunity to a suit brought by a taxpayer against the United States which challenges the

validity of a federal *tax lien* and sale so long as the taxpayer refrains from contesting the merits of the underlying tax assessment itself." (Emphasis added.)

On this basis, however, an exemption to federal sovereign immunity is available to challenges to a tax lien, but not necessarily to a tax levy. Avenues to challenge a levy do exist, such as an exception to the Anti-Injunction Act (which generally bars the issuance of injunctions regarding taxes) for third parties to challenge a levy action, under 26 U.S.C. § 7426(a)(1), or for a taxpayer to enjoin a levy during the pendency of an appeal, under 26 U.S.C. § 6330(e)(1). Moreover, 26 U.S.C. § 6330 provides a whole series of mechanisms for challenging a levy before it occurs. In light of the availability of these ways to challenge a levy and the difference between a levy and lien, the exception to sovereign immunity for actions to quiet title under 28 U.S.C. § 2410 does not apply to a challenge to a levy. That statute applies to interests in property, such as liens, but does not, by its terms, apply to an enforcement action, such as a levy. That a lien may lead to an enforcement action does not expand the scope of 28 U.S.C. § 2410, particularly because a waiver of sovereign immunity must be express and not implicit. *United States v. Testan*, 424 U.S. 392, 399 (1976).

Thus, this Court lacks subject matter jurisdiction to hear Plaintiffs' quiet title claim. Plaintiffs do not challenge the legitimacy of the tax lien but object to the seizure of what they assert is their principal residence. Regardless of whether the seizure of 5418 Pigeon Road is permitted under 26 U.S.C. § 6334, the waiver of sovereign immunity in 28 U.S.C. § 2410 does not expand to permit this Court to entertain Plaintiffs' challenge to the seizure of their property. Although Plaintiffs either had or have mechanisms for challenging a seizure, a quiet title action is not among them.

B.

One such mechanism is an action for an unauthorized collection action, which comprises Plaintiffs' second claim.  26 U.S.C. § 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in [26 U.S.C. § 7432], such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

A plaintiff seeking relief under this section cannot receive a judgment for damages unless the plaintiff has exhausted administrative remedies.  26 U.S.C. § 7433(d)(1).

26 C.F.R. § 301.7433-1(d) bars a taxpayer from filing a civil action in federal district court until a decision is rendered on a properly filed administrative claim, or until six months after the filing of such a claim.  26 C.F.R. § 301.7433-1(e) sets out the procedures for pursuing an administrative claim, including sending the claim to the "Area Director, Attn: Compliance Technical Support Manager" of the area in which the taxpayer currently resides; the name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim; the grounds for the claim; a description of the injuries incurred by the taxpayer filing the claim; the dollar amount of the claim; and the taxpayer's signature.

Plaintiffs concede that they must exhaust administrative remedies to pursue their claim that Defendant disregarded 26 U.S.C. § 6334(a)(13)(B)(i) by levying against Plaintiffs' alleged principal residence.  They contend, however, that their collection appeal request sufficed to meet that

requirement, because, they suggest, the regulation does not set the exclusive mechanism for exhausting administrative remedies.

As to administrative remedies for a claim under § 7433, however, Plaintiffs' collection appeal request, submitted on June 1, 2007, does not fulfill the requirements of 26 C.F.R. § 301.7433-1(e). Plaintiffs' request was not directed to the compliance technical support manager, does not list a work phone number or convenient times for contacting Plaintiffs, and does not include the dollar amount of Plaintiffs' claim against Defendant. Further, even if the collection appeal request did constitute an administrative claim under 26 U.S.C. § 7433 and 26 C.F.R. § 300.7433-1, Plaintiffs filed their complaint on June 29, 2007 – well before six months had passed from the filing of that "claim" on June 1, 2007, as required under 26 C.F.R. § 300.7433-1(d)(ii). Nor have Plaintiffs alleged that Defendant reached a decision on their purported administrative claim before they filed in federal district court, as alternatively required by 26 C.F.R. § 300.7433-1(d)(i). For reasons of timing and of form, then, Plaintiffs' collection appeal request does not suffice to exhaust their administrative remedies, as required to pursue a civil action under 26 U.S.C. § 7433. Accordingly, Plaintiffs have not met the regulatory prerequisites to pursuing their claim in federal district court.

IV.

Accordingly, it is **ORDERED** that Defendant's motion to dismiss [dkt #3] is **GRANTED**. Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 5, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 5, 2008.

       s/Tracy A. Jacobs
       TRACY A. JACOBS